UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                        (973) 645-4693
BANKRUPTCY JUDGE                                          Fax: (973) 645-2606

> **FILED**
> JAMES J. WALDRON, CLERK
>
> **JAN 25, 2006**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
> BY: s/ Ronnie Plasner, DEPUTY

**NOT FOR PUBLICATION**

January 25, 2006

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Minion & Sherman
Scott Sherman, Esq.
33 Clinton Road
West Caldwell, NJ 07006
***Attorneys for Debtor***

Pinilis Halpern, LLP
Gabriel H. Halpern, Esq.
237 South Street
Morristown, NJ 07960
***Attorneys for Charlene Pecora,***
***Administrator of the Estate of Michael Pecora***

Re:      **Alpha Centauri Co., Inc.**
         **Case No. 05-32850 (DHS)**

Dear Counsel:

This matter is before the Court on the motion to dismiss this Chapter 11 case filed by Charlene Pecora,

the wife and administrator of the Estate of Michael Pecora ("Estate"). The motion was initially adjourned by

the Court so the Estate could serve notice of the motion upon all creditors pursuant to Federal Rule of

Page 2
January 25, 2006

Bankruptcy Procedure 2002(4). This was completed and no objection has been filed by any creditor to the relief sought. The motion to dismiss is opposed by the Debtor.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. § 1408(a). The following shall constitute the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

Charlene Pecora certifies that Michael Pecora was a 50% shareholder of Alpha Centauri Co., Inc. ("Alpha") with Frank Azzolino being the other 50% shareholder. In October, 1994, the two shareholders entered into an agreement providing that upon the death of one, the administrator of that person's estate was required to sell the shares to Alpha or the other owner in such proportions as they agreed (the "Agreement"). The purchase price was to be the fair market value at the date of death. Mrs. Pecora further certifies that Azzolino refused to purchase the shares from the Estate and was thus forced to file suit in the Superior Court of New Jersey, Chancery Division, alleging, *inter alia*, a breach of the Agreement and a violation of New Jersey's Minority Shareholder Statute. Judgment was entered for the Estate on May 26, 2005 in the state court, fixing the value of the Estate's shareholder interest in Alpha at $112,995.40. The Estate thereafter levied on the accounts and assets of Alpha and Alpha ("Debtor") filed a Chapter 11 bankruptcy petition immediately after the levy.

The Estate seeks the following relief: (1) a ruling that Charlene Pecora remains a 50% shareholder as her shares were never purchased; and (2) that as a 50% shareholder, since she did not consent to the filing

Page 3
January 25, 2006

of the bankruptcy petition, a ruling that the bankruptcy petition was filed without consent of more than 50% of the company's shareholders and must be dismissed as a matter of law.

The Debtor opposes the motion to dismiss by way of letter memorandum. It is noted that the Debtor's opposition does not include a certification from Azzolino or any other individual with knowledge of the relevant facts. The Debtor's objection asserts that Azzolino is the 100% shareholder of Alpha, and that Charlene Pecora, as Administrator of the Estate, is simply a judgment creditor. As such, it is alleged that Charlene Pecora's consent was not necessary for the Chapter 11 bankruptcy filing on July 14, 2005.

The Debtor states that the history of this matter dates back to when Alpha first filed for Chapter 11 protection in August of 1999. The letter memorandum asserts that the decision to file at that time was made by Michael Pecora and Azzolino. It further asserts that in 2000, Michael Pecora walked away from the business and left Azzolino to operate the business by himself and to reorganize through Chapter 11. According to the Debtor, Azzolino made loans to the business and paid off its debts to keep it afloat. The Debtor further contends that the efforts enabled it to achieve a confirmed Reorganization Plan. It appears that the confirmed Plan did not change or alter the 50-50 ownership structure of the Debtor.

Not long after Plan confirmation, Michael Pecora passed away. After the Estate was forced to file its state court litigation, a trial was held and Judge Kenneth C. MacKenzie, J.S.C., issued a written opinion. The Debtor suggests that, while the opinion seems to just fix the fair market value of the Estate's 50% interest, the court also entered a judgment for a sum certain, namely $112,995.40, representing the Estate's 50% interest in the Debtor, and thus converted the Estate's ownership interest into the status of a simple, unsecured, judgment creditor. When the Estate levied upon the money judgment, the Debtor filed for bankruptcy. The

Page 4
January 25, 2006

Debtor further contends that the Agreement provides for a promissory note, payable over ten years, for the value of the 50% share interest. The Debtor states that if a note had issued, there would be no basis for the motion to dismiss, but alleges Azzolino was never given the opportunity to purchase the shares according to the promissory note arrangement. Accordingly, the Debtor requests a finding that the Estate is simply a judgment creditor and no longer a shareholder. Such a finding would remove the basis for the motion to dismiss. In the alternative, the Debtor alleges that the Estate is estopped from objecting to the bankruptcy petition because it waited three months to file the motion to dismiss and other creditors will be affected by the dismissal.

In reply, the Estate argues it remains a 50% shareholder and is not estopped, after three months, from seeking dismissal of the within petition.

The Court has reviewed the moving papers, the complaint filed by the Estate in the state court, Judge MacKenzie's written decision dated May 26, 2005, and heard oral argument. It is noteworthy to this Court, particularly in the absence of the certification of Azzolino in opposition to the instant motion, that Judge MacKenzie found in his decision, that:

> "Azzolino's testimony, in part, was incredible . . . The Court does not believe that he (Azzolino) had taxable income of less than $7500 for every year from 1995 to the present. He did not file a federal or state tax return for any of the past ten years. Azzolino has played fast and loose with the tax laws and has ignored a legal duty to file returns."

[See Judge MacKenzie's decision dated May 26, 2005, at p. 2].

In the instant matter, the Court finds that the Estate is a 50% shareholder of this Debtor and remains so until the Debtor pays for those shares or the Estate is otherwise satisfied. See N.J.S.A. 14A:12-7(8)(b).

Page 5
January 25, 2006

Judge MacKenzie's decision does not alter this fact; it appears to have simply established the fair market value of the shares held by the Estate and did not divest the Estate of its shareholder rights in the Debtor.

The express provisions of the New Jersey Oppressed Shareholder Statute, N.J.S.A. 14A:12-7, *et seq*., and in particular, N.J.S.A. 14A:12-7(8)(f), provides that the selling shareholder does not lose its shareholder rights or status in the corporation until such time as the corporation "posts a bond in adequate amount with sufficient sureties or otherwise satisfies the court that the full purchase price of the shares, plus whatever additional costs, expenses and fees as may be awarded, will be paid when due and payable" (emphasis added). Here, the action filed in the Superior Court was not only for breach of the Agreement but also sought relief under the minority shareholder statute, N.J.S.A. 14A:12-7. Thus, the Debtor cannot now claim that it is entitled to relief under the Agreement, when the action was commenced under the Shareholder Statute and a sale situation is specifically dealt with by the Statute which makes it clear that shareholders' rights are not eliminated in the absence of payment, posting of a bond or similar relief satisfactory to the court. This has not occurred and, as a result, the Estate's shareholder rights have not been altered.

As to the Debtor's second argument, the Estate is not estopped from moving to dismiss under the facts herein. The argument advanced by the Debtor is moot given this Court's conclusion that the Estate retains its 50% ownership interest in the Debtor. In other words, Azzolino did not have corporate authority to file a voluntary petition on behalf of the corporation, so dismissal is the appropriate remedy irrespective of any brief time delay that may have occurred before the Estate filed the present motion. See Winter v. Bel-Aire Invs., Inc. (In re Bel-Aire Invs., Inc.), 97 B.R. 88, 88-90 (Bankr. M.D. Fla. 1989). The Debtor relies upon one case in support of its estoppel argument, Peterson v. Atlas Supply Corp. (In re Atlas Supply Corp.), 857 F.2d

Page 6
January 25, 2006

1061 (5th Cir. 1988).  In <u>Atlas</u>, the objecting shareholder waited fourteen months to move to dismiss the debtor corporation's petition.  <u>Id.</u> at 1062-63.  The court in <u>Atlas</u> held that after waiting fourteen months, the shareholder was barred from moving to dismiss on the grounds of lack of corporate authorization.  <u>Id.</u> at 1063-64.  The court in <u>Atlas</u> specifically found that the creditors would be prejudiced by a dismissal after such a long delay.  <u>Id.</u>  In the case at bar, less than three months elapsed between the filing of the bankruptcy petition and the filing of the motion to dismiss by the Estate and no specific prejudice to creditors has been demonstrated.  The brief three-month delay which the Debtor complains of misses the critical point that the bankruptcy petition was improperly filed in the first instance.  Consequently, the estoppel argument advanced by the Debtor is immaterial.  In fact, no creditor has objected to the petition being dismissed.

Finally, it is well-settled that a 50% shareholder of a corporation is not authorized to file a bankruptcy petition.  <u>See</u> <u>e.g.</u>, <u>In re AT Eng'g, Inc.</u>, 138 B.R. 285 (Bankr. M.D. Fla. 1992); <u>In re Westerleigh Dev. Corp.</u>, 141 B.R. 38, 40-41 (Bankr. S.D.N.Y. 1992) (where the bankruptcy court granted a motion to dismiss by a 50% shareholder where the two shareholders were [as the shareholders are here] "deadlocked in a two-party dispute which is being played out in the state courts").

For the reasons stated above, the motion to dismiss is granted.

Page 7
January 25, 2006

An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Due to the nature of the relief granted, the order shall not be effective for ten (10) days, thereby providing the

Debtor time to make application for a stay of this decision pending appeal or seek other relief, if appropriate.

Very truly yours,


s/    **Donald H. Steckroth**

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure